Opinion issued January 19, 2012.



 

 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-09-01124-CR

____________

 

CLAYTON ERIC CLAFLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the County Court at Law No. 1 

Galveston County, Texas

Trial Court Cause No. 294892

 

 



MEMORANDUM
OPINION








              Appellant
Clayton Eric Claflin attempts to appeal the trial
court’s judgment signed November 9, 2009 finding appellant guilty of criminal
trespass.  Appellant filed his notice of
appeal on December 10, 2009, one day beyond the deadline to file a notice of
appeal.  This appeal was previously
abated.

              In
criminal cases, the notice of appeal must be filed either within 30 days after
the day the sentence is imposed, or within 90 days
after sentencing if defendant timely files a motion for new trial.  See
Tex. R. App. P. 26.2(a).  A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction. Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); see also Slaton, 981
S.W.2d at 210.

              Although
appellant’s notice of appeal was filed within fifteen days after the deadline,
no motion for extension of time was filed. 
See Tex. R. App. P. 26.3. 
In a criminal case, a late notice of appeal will not invoke our
jurisdiction unless a motion for extension of time is also filed within 15 days
of the last day for filing the notice of appeal.  See
Olivo 918
S.W.2d at 522.  Here, no motion for
extension of time was filed.

              Because
the notice of appeal in this case was untimely, we have no basis for jurisdiction
over this appeal. Accordingly, we reinstate and dismiss the appeal for want of
jurisdiction.  See Tex. R.
App. P. 42.3(a), 43.2(f).

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Higley and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).